UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 15-cv-3346-MMM |
| ) | |
| JEFFREY KORTE, et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER ON SECOND AMENDED COMPLAINT

Plaintiff, proceeding pro se, pursues a § 1983 action against John Doe members of the Orange Crush team; as well as IDOC Director, Baldwin; Chief of Operations Yurkovich; Warden Jeffrey Korte, Lieutenant Law and Lieutenant Megason alleging that he was subject to cruel and unusual punishment at the Western Illinois Correctional Center on April 14, 2014.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges alleges that on April 14, 2014, members of the Orange Crush Team subjected him to excessive force and violations under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15607. He alleges that the Orange Crush Team undertook a prison-wide

1

shakedown; ordered prisoners to strip; and forced them to march naked, head-down, touching the genitals of the inmate in front.  Inmates were then halted and told to face the wall where they were held in a stress position for several hours.  Plaintiff alleges that all the while, the Orange Crush Team hit their batons against their hands chanting "punish the inmates".  He claims that Defendants Korte, Law and Megason were present and failed to intervene and that Defendants Yurkovich and Baldwin implemented, oversaw and encouraged this shakedown policy.

Plaintiff states an Eighth Amendment claim for cruel and unusual punishment for the excessive force and failure to intervene.  He also states a violation of the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15607.  *See Ross v. Gossett,* No. 15-0309 at [59  pp. 22-24], (S. D. Ill. July 9, 2015) (a private right of action presumed under the PREA); as well as a state law claim of Intentional Infliction of Emotional Distress.  He alleges enough at this stage to implicate Defendants Yurkovich and IDOC Director Baldwin who allegedly implemented and encouraged this policy.

This case will proceed against all of the named Defendants.  In addition, the designation "Orange Crush Team" will be replaced with "Doe Orange Crush Officers #1-#5".  As Plaintiff has alleged that the Orange Crush Team did not wear name badges, he is unable to identify them. Defendant Warden Korte, or his successor or designee, is to identify those Orange Crush Team members who who were present in Plaintiff's housing unit for the April 14, 2014 shakedown within 30 days of responding to the Complaint.

**IT IS THEREFORE ORDERED:**

1.    This case shall proceed solely on the federal claim(s) identified herein.  Any claims not identified will not be included in the case, except in the Court's discretion upon

motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.      The Clerk is directed to replace the "Orange Crush Team" designation with "Doe Orange Crush Officers #1-#5".

3.      Defendant Warden Korte, within 30 days of responding to the complaint, is to file with the Court the names of those Orange Crush Team members who were present in Plaintiff's housing unit on the day in question.

4.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.      Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE

WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


 2/16/2016  
ENTERED

          s/Michael M. Mihm  
          MICHAEL M. MIHM  
          UNITED STATES DISTRICT JUDGE